**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL SMITH,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **UHS OF DOYLESTOWN, LLC d/b/a** | : | |
| **FOUNDATIONS BEHAVIORAL** | : | |
| **HEALTH,** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Darryl Smith (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against UHS of Doylestown, LLC d/b/a Foundations Behavioral Health (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Doylestown Human Relations Ordinance ("DHRO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant UHS of Doylestown, LLC d/b/a Foundations Behavioral Health is a provider of specialized behavioral health and academic services with

a location at 833 East Butler Avenue, Doylestown, PA 18901 and corporate headquarters located at 367 South Gulph Road, King of Prussia, PA 19406.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

### JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff was domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, the PHRA and the DHRO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on March 26, 2025, alleging race and sex discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-04726 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 12, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA and DHRO claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American male.

21. In or around November 2023, Defendant hired Plaintiff in the position of Housekeeper.

22. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF WAS SUBJECTED TO DISPARATE TREATMENT

23. When Plaintiff first started, David Diaz (Hispanic), Housekeeping Supervisor, constantly would nitpick his work product despite not doing the same to others outside of Plaintiff's protected class(es).

24. Kara Smith (Caucasian female), Housekeeper, would frequently come to work intoxicated and harass Plaintiff by leaving notes on his weekend work cart about things to do and that items were not labeled.

25. Smith had been the subject of multiple complaints about her work product; she did not clean well and did not sweep before mopping.

26. Smith also almost hit someone with her car.

27. Defendant refused to terminate Smith for this conduct, instead sending her to a rehabilitation program and allowing her to return to work.

### PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT SMITH

28. Plaintiff complained to Human Resources about the way he was being treated by Smith compared to others.

29. However, Human Resources did not take Plaintiff's complaint seriously.

## PLAINTIFF COMPLAINED TO DIAZ ABOUT SMITH

30. The Human Resources Representative did not take notes and merely instructed Plaintiff to speak to Diaz.

31. Plaintiff followed the instructions, but Diaz just said that he would speak to Smith.

## PLAINTIFF LEFT WORK EARLY AFTER COMPLETING HIS WORK AND CLOCKED OUT

32. In or around early December 2024, Plaintiff left a couple of times before his shift ended, but well after he completed all of his work.

33. Plaintiff left between 15-45 minutes early, but always clocked out before leaving.

34. Plaintiff had previously done this without issue during his employment as long as his work was completed.

## PLAINTIFF'S FEMALE COWORKER LEFT EARLY WITHOUT ISSUE

35. Additionally, Tisha Last Name Unknown ("LNU") (African American female) had also left early more than once without issue.

## DEFENDANT TERMINATED PLAINTIFF

36. On or about December 12, 2024, at the end of Plaintiff's shift, Diaz called Plaintiff into a meeting in the office.

37. Diaz terminated Plaintiff for allegedly leaving early on December 7, 2024, and December 8, 2024.

38. Plaintiff complained that he was being terminated as there had been no prior disciplines or complaints against Plaintiff and he was clocking out and not stealing time.

39. Diaz told Plaintiff that Defendant was not accusing Plaintiff of stealing time and proceeded with terminating Plaintiff's employment.

40. Defendant treated Plaintiff differently in its discipline compared to Smith and Tisha, who committed similar or more serious misconduct and, upon information and belief, had not complained of disparate or discriminatory treatment.

41. Defendant discriminated against Plaintiff on the basis of sex and/or race and retaliated against Plaintiff for engaging in protected activity in violation of Title VII, the PHRA and the DHRO.

42. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff is a member of protected classes in that he is African American.

45. Plaintiff was qualified to perform the job for which he was hired.

46. Plaintiff suffered adverse job actions, including, but not limited to termination.

47. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

48. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

49. Defendant discriminated against Plaintiff on the basis of his protected class.

50. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

51. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

52. Defendant's conduct was willful or performed with reckless disregard to his federal

statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

55. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – DISCRIMINATION BASED ON RACE**
**DOYLESTOWN HUMAN RELATIONS ORDINANCE**

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

58. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – GENDER DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a member of protected classes in that he is male.

61. Plaintiff was qualified to perform the job for which he was hired.

62. Plaintiff suffered adverse job actions, including, but not limited to reassignment.

63. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

64. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

65. Defendant discriminated against Plaintiff on the basis of his protected class.

66. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

67. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

68. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – DISCRIMINATION BASED ON GENDER
### PENNSYLVANIA HUMAN RELATIONS ACT

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male).

71. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – DISCRIMINATION BASED ON GENDER
## DOYLESTOWN HUMAN RELATIONS ORDINANCE

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male).

74. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

75. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

76. Plaintiff engaged in activity protected by Title VII.

77. Plaintiff reported race and/or gender discrimination to Defendant.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

122. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

9

123. Plaintiff engaged in activity protected by the PHRA.

124. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

125. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
**<u>DOYLESTOWN HUMAN RELATIONS ORDINANCE</u>**

122. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

123. Plaintiff engaged in activity protected by the DHRO.

124. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

125. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, Darryl Smith, requests that the Court grant him the following relief against Defendant:

    (a)    Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

10

(b) Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the DHRO.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

### **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

### **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

11

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 10, 2026                    By:    */s/David M. Koller*
                                                David M. Koller, Esquire
                                                Jordan D. Santo, Esquire
                                                2043 Locust Street, Suite 1B
                                                Philadelphia, PA 19103
                                                215-545-8917
                                                davidk@kollerlawfirm.com
                                                jordans@kollerlawfirm.com

                                                *Counsel for Plaintiff*

12